IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, the § <br> STATE OF TEXAS, *ex rel.* JUDY § <br> PATE § <br> Plaintiffs § <br> vs. § <br> § <br> KINGHAVEN COUNSELING § <br> GROUP, INC. § <br> § <br> Defendants § | COMPLAINT FILED UNDER SEAL <br> PURSUANT TO <br> 31 U.S.C. 3730(b)(2) |

## FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** The United States of America ("USA") *ex. rel.*, the State of Texas, and Judy Pate ("Relator" or "Ms. Pate"), Plaintiffs in the above styled and numbered cause, and files this, their First Amended Complaint and complains of KINGHAVEN COUNSELING GROUP, INC. ("KCG" or ("Defendant"), and for such cause of action would respectfully show the Court as follows:

### I. PARTIES

1. Ms. Judy Pate, Relator, is an individual who resides in Sugarland, Fort Bend County, Texas. Ms. Pate is a Registered Nurse who was formerly employed by Defendant as a Psychiatric Nurse Practitioner. As required under the False Claims Act, 31 U.S.C. §§ 3729 and 3730 *et. seq.*, a copy of this complaint and written disclosure of all material evidence the Relator possessed at the time the Original Complaint was filed has been provided to the Attorney General of the United States and to the United States Attorney for the Southern District of Texas. Additionally, as required under the False Texas Medicare Fraud Prevention Act ("TMFPA"), Tex. Hum. Res. Code §§ 36.001-132, a copy of this complaint and written disclosure of all

material evidence the Relator possessed at the time the Original Complaint was filed has been provided to the Attorney General of the State of Texas.

2. Ms. Pate has direct and independent knowledge of the facts underlying this complaint, and the facts and allegations underlying this complaint have not been publicly disclosed, as public disclosure is defined under 31 U.S.C. § 3730. Ms. Pate is an "original source" as that term is defined under 31 U.S.C. § 3730(e).

3. KINGHAVEN COUNSELING GROUP INC. is a business that provides counseling and therapy services including psychological assessments, psychiatric assessments, behavior therapy, family counseling, cognitive therapy, play therapy and medication management. KCG has operations in Houston, TX with its principal place of business in Houston, Harris County, Texas. KINGHAEN COUNSELING GROUP INC. may be served with citation by personal service on its registered agent KINGHAVEN CONSULTING GROUP, INC. at 9100 Southwest Freeway Suite 161, Houston, TX 77074.

4. This complaint is filed *in camera*, under seal, and may not be served upon any of the Defendants until further order of this court.

## II. JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 31 U.S.C. §§ 3720(b) and 3732, which provide that any action under section 3730 may be brought in any judicial district in which the Defendant(s) resides or transacts business or in which any act proscribed by 31 U.S.C. § 3729 occurred. Defendant KINGHAEN COUNSELING GROUP INC. maintains operations in this jurisdiction.

6. This Court has supplemental jurisdiction over Plaintiff's pendent state law claim pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district and division pursuant to 31 U.S.C. § 1391(a) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this

district and it is the district in which the Defendants' business is located and operated.

## III. INTRODUCTION

8. This is an action to recover damages and civil penalties on behalf of the United States of America and the State of Texas arising from false and/or fraudulent records, statements and claims made, used and caused to be made, used or presented by Defendant KINGHAVEN COUNSELING GROUP, INC. and/or its agents and employees in violation of the Federal Civil False Claims Act ("FCA"), 31 U.S.C. §3729, *et seq.*, and the Texas Medicare Fraud Prevention Act ("TMFPA"), Tex. Hum. Res. Code §§ 36.001-132.

## IV. FACTS

9. Defendant provides outpatient psychological, psychiatric and therapeutic services in Houston, Texas to individuals that are eligible for reimbursement by Medicare and Medicaid. Defendant is currently engaging in, and in the past has engaged in, a pattern and practice of intentionally submitting false and fraudulent claims for reimbursement to Federal and state-funded health insurance programs.

10. Relator discovered a pattern and practice of billing for patients who were seen for shorter periods of time than Defendant billed and for billing for unnecessary visits during her time at KCG as a Psychiatric Nurse Practitioner.

11. Specifically, KCG routinely and improperly bills for patient visits that never occur. KCG also routinely and improperly bills for patient visits that are unnecessary.

12. In order to be paid for such services, Defendant is required to submit applications for payment to agencies that are responsible for processing Medicare claims. Upon information and belief, a majority of the patients who receive assessment or treatment from KCG are eligible for and do in fact receive Medicaid benefits.

13. Ms. Pate is a Registered Nurse Practitioner whose specialty area is assessing and treating psychiatric patients. Ms. Pate worked an eight hour a day schedule while she was employed at KCG. Despite her hours KCG routinely over billed for the time patients were seen.

14. For instance on January 14, 2016, KCG indicated in its records, and in its billing to Medicaid, that Ms. Pate saw nine (9) new patients and nine (9) follow up patients between the hours of 8:00 a.m. and 12:00 pm for a total of eighteen (18) patients. Although Ms. Pate only worked a four hour period, KCG billed Medicare for a total of <u>11.15 hours</u> for these patients during this four hour time period.

15. On January 15, 2016, KCG indicated in its records, and in its billing to Medicare, that Ms. Pate saw thirteen (13) new patients and nineteen (19) follow up patients. Thus, although Ms. Pate only worked an 8 hour day KCG billed Medicare for a total of 18 hours and thirty two (32) patients on that day for Ms. Pate's services.

16. On January 15, 2016, KCG scheduling department called patient "Gabriel," to come in for a follow up visit for medication maintenance. However on December 15, 2015, "Gabriel" had been seen and given a three month refill of his medication. Thus he was not required to return for medication maintenance until March, 2016. KCG required him to come in only one month later, instead of three months later, despite the fact that this was wholly unnecessary, and billed Medicare for this fraudulent expense.

17. On January 12, 2016, KCG scheduling department called patient "David," to come in for a follow up visit for medication maintenance. However on December 15, 2015, "David" had been seen and given a three month refill of his medication. Thus he was not required to return for medication maintenance until March, 2016. KCG required him to come in only one month later, instead of three months later, despite the fact that this was wholly unnecessary, and billed Medicare for this fraudulent expense.

18. On November 23, 2015, Ms. Pate worked alone. Despite this fact KCG records indicate that between the hours of 8:30 a.m. and 5:45 p.m., 110 patients were seen at KCG. Between the hours of 9:00 a.m. and 10:00 a.m. alone KCG indicated that Ms. Pate had seen fourteen (14) patients, all of which had been billed for 15 minute increments. Had Ms. Pate actually seen fourteen (14) patients in 15 minute increments this would have taken her 3.5 hours. Subsequently Medicare was billed for these fraudulent expenses.

19. On December 29, 2015, patient "Naomi," was called in and scheduled for a follow up. She had been seen previously on December 15, 2015. When Ms. Pate interviewed the patient she asked her if she had been given a reason for the follow up and the patient told her "no." The patient also indicated that she had not had any issues that required a follow up visit. Despite the clear unnecessariness of this visit, Medicare was billed for the visit.

20. In sum, Ms. Pate discovered that Defendant, in order to acquire funds from Medicaid was engaging in fraudulent activity by submitting claims that it knew was false because the services made the basis of the claims submitted for reimbursement were not performed and by systematically overbilling Medicare for unnecessary subsequent visits.

21. KCG knew or should have known that its health care providers could not have actually been performing the services at the levels and time periods for which claims were submitted. KCG knew or should have known that patients were being scheduled for unnecessary visits.

22. Upon learning of the fraudulent activity, Ms. Pate brought this to the attention of KCG President SHEGUN OLAGUNDOYE Mr. Olagundoye did nothing about her complaints.

23. As a direct result of Defendant's improper practices, federal and state health insurance programs including, but not limited to, Medicaid, have paid false and fraudulent claims as reimbursement for assessments, treatment which did not occur, and for visits which were wholly unnecessary.

## IV. CAUSES OF ACTION

### A. Violation of the False Claims Act, 31 U.S.C. § 3729(a)(1).

24. The Defendants provide medical services to individuals that are eligible for Medicaid and Medicare. The Relator repeats the allegations of paragraphs 1-24 and incorporates them by reference as if fully set forth herein. Upon information and belief, Defendants presented, or caused to be filed, false claims for payment of medical services with knowledge of their falsity, or with gross negligence or reckless disregard to facts and conditions that would indicate said claims were inaccurate or inappropriate and false and caused payments for said claims to be made by the United States Government and the state of Texas. By reason of the violation of the False Claims Act, 31 U.S.C. § 3729(a)(1), the Defendants have knowingly or recklessly damaged the United States Government and the State of Texas in an as of yet undetermined amount.

### B. Violation of the False Claims Act, 31 U.S.C. § 3729(a)(2).

25. The Relator repeats the allegations of paragraphs 1-24 and incorporates them by reference as if fully set forth herein. Upon information and belief, Defendant presented, or caused to be filed, false statements or records in support of false claims for payment for medical services with knowledge of their falsity, or with gross negligence or reckless disregard to facts and conditions that would indicate that said statements or records were inaccurate or inappropriate and false and caused payments for said claims to be made by the United States Government. By reason of the violation of the False Claims Act, 31 U.S.C. § 3729(a)(2), Defendant has knowingly or recklessly damaged the United States Government and the State of Texas in an as of yet undetermined amount.

### C. Violation of the False Claims Act, 31 U.S.C. § 3729(a)(3).

26. The Relator repeats the allegations of paragraphs 1-24 and incorporates them by reference as if fully set forth herein. Defendant, in performing the acts described above,

conspired to defraud the United States Government in violation of the False Claims Act, 31 U.S.C. § 3729(a)(3) by getting false or fraudulent claims allowed or paid to the damage of the United States Government and the State of Texas.

**D. Violation of the Texas Medicare Fraud Prevention Act, Tex. Hum. Res. Code §§ 36.001-132.**

27. The Relator repeats the allegations of paragraphs 1-24 and incorporates them by reference as if fully set forth herein. Defendant, in performing the acts described above, conspired to defraud the United States Government in violation of the Texas Medicare Fraud Prevention Act, Tex. Hum. Res. Code §§ 36.001-132 by getting false or fraudulent claims allowed or paid to the damage of the State of Texas.

## V. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Relator Pate and the United States of America demand a trial by jury and, after final trial, that judgment be rendered against the Defendants, jointly and severally, as follows:

- A. for damages that are as yet indeterminable, for violations of the False Claims Act, 31 U.S.C. § 3729(a)(1), (2), and (3);

- B. for treble the damages found for violations of 31 U.S.C. § 3729(a)(1), (2), and (3);

- C. for damages that are as yet indeterminable, for violations of the False Claims Act, 31 U.S.C. 3730(h);

- D. for damages that are as yet indeterminable, for violations of the Texas Medicare Fraud Prevention Act, Tex. Hum. Res. Code §§ 36.001-132;

- E. for a fine of not less than $5,500 or the minimum amount imposed as provided by 31 U.S.C. Section 3729(a), if that amount exceeds $5,500, and not more than $11,000 or the maximum amount imposed as provided by 31 U.S.C. Section 3729(a), if that amount exceeds $11,000, for each unlawful act committed;

- F. for litigation costs;

- G. for special damages;

H. for reasonable attorneys' fees and costs; and

I. for such other and further relief, at law or in equity, to which Plaintiffs are justly entitled.

Respectfully submitted,



By: _____
Alfonso Kennard, Jr.
Attorney-in-Charge
Texas Bar No. 24036888
Southern District Bar No: 713316
alfonso.kennard@kennardlaw.com
**ATTORNEY IN CHARGE**
Michelle Mishoe Miller
Texas Bar No. 24044991
Southern District Bar No: 997007
michelle.miller@kennardlaw.com
2603 Augusta Dr., Suite 1450
Houston, TX 77057
(713)742-0900 (main)
(713)742-0951 (facsimile)
**ATTORNEY'S FOR RELATOR JUDY PATE**